STATE OF VERMONT

| SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|
| WINDHAM UNIT | | DOCKET NO. |

REBECCA WAXMAN )
)
    Plaintiff )
)
v. )
)
VOLKSWAGEN GROUP OF AMERICA, INC. )
and )
VOLKSWAGEN AKTIENGESELLSHAFT )
)
    Defendants )

## COMPLAINT

NOW COMES the Plaintiff, Rebecca Waxman, by and through her attorneys, Phillips, Dunn, Shriver & Carroll, P.C., and hereby alleges as follows:

1. Plaintiff Rebecca Waxman is an individual residing in Dummerston, Windham County, Vermont.

2. Defendant Volkswagen Group of America, Inc. ("VGOA") is a New Jersey corporation with its headquarters in Herndon, Virginia. On information and belief, it is a subsidiary of defendant Volkswagen Aktiengesellshaft.

3. Defendant Volkswagen Aktiengesellshaft ("VAG") is a German corporation with its headquarters in Wolfsburg, Germany.

4. VAG designs and manufactures motor vehicles, including but not limited to passenger vehicles bearing the general name "Volkswagen." Vehicles bearing the Volkswagen brand are sold throughout the United States.

5. VAG manufactures Volkswagen vehicles in the United States, and regularly advertises those vehicles for sale throughout the United States, with the intent to market to customers throughout the United States, including but not limited to potential customers in Vermont.

6. VGOA manufactures Volkswagen vehicles in the United States, and regularly advertises those vehicles for sale throughout the United States, with the intent to market to customers throughout the United States, including but not limited to potential customers in Vermont.

7. VGOA is registered to do business in the State of Vermont and does business in the State of Vermont.

8. Defendant VGOA maintains a website that directs potential consumers, including Vermont residents, to different dealers both within and outside the State of Vermont as potential sources for purchasing Volkswagen vehicles. That website includes designating dealerships outside the State of Vermont as potential dealers where a Vermont resident could purchase a Volkswagen vehicle.

9. On March 31, 2015, Ms. Waxman purchased a new Volkswagen diesel automobile, Vehicle Identification Number 3VWPL7AJ6EM600030 (the "Vehicle") in Auburn, ME.

10. The Vehicle was designed by either VAG or VGOA.

11. The Vehicle was manufactured by either VAG or VGOA.

12. The Vehicle was advertised for sale with mileage and fuel economy estimates prepared and/or approved by VGOA and VAG.

13. Ms. Waxman purchased the Vehicle in reliance on the truth and veracity of the mileage and fuel economy estimates prepared and/or approved by VGOA and VAG.

14. The mileage and fuel economy estimates for the Vehicle (and all other vehicles) are required by government regulations, and must be prepared and made consistent with government regulated and established emissions standards.

15. When Ms. Waxman relied on the mileage and fuel economy estimates for the Vehicle, she did so in reliance that they were prepared, made, and published consistent with the government regulated and established emissions standards.

16. Ms. Waxman paid $27,234.00 for the Vehicle.

17. Defendant VAG knowingly and purposely included software and/or hardware in the Vehicle that allowed the Vehicle to detect when emissions testing was occurring, and make internal changes to the fuel and air mix so that the cars would seem to pass emissions testing. During the testing procedure, when the software and/or hardware was operating in its "Defeat Device" mode, the fuel efficiency of the vehicles was reduced. By including this software and/or hardware (which reverted to ordinary fuel and air mix when emissions were not being tested), the vehicles appeared to meet the published mileage and fuel economy standards when operated by consumers, but during such operations the vehicles were violating emissions standards.

18. VAG and VGOA repeatedly advertised and promoted its diesel vehicles containing the Defeat Device as low emission and high efficiency products.

19. VAG and VGOA knew that vehicles with the Defeat Device installed could only reach the advertised fuel efficiency standards if the vehicles had emissions in excess of those permitted by federal law and regulations.

20. VAG designed and installed the Defeat Device to avoid compliance with federal regulations.
21. By designing and installing the Defeat Device, VAG knew that it was offering vehicles for sale that would be operated by consumers at emission levels that were not permitted by federal law and regulation.
22. The emission standards established by federal law and regulation were and are designed to protect the health and safety of consumers.
23. On information and belief, VGOA knew of the Defeat Device installation and its purpose.
24. VAG has admitted that it was improper and illegal to install the Defeat Device in vehicles for sale to customers in the United States.
25. VAG has admitted that it knowingly and purposely deceived customers.
26. VGOA has admitted that it knowingly and purposely deceived customers.
27. VGOA has admitted that it was improper and illegal to install the Defeat Device in vehicles for sale to customers in the United States.
28. Ms. Waxman would not have purchased the Vehicle if she had known about the Defeat Device.
29. Ms. Waxman would not have purchased the Vehicle if the correct mileage and fuel economy estimates had been published.
30. Ms. Waxman would not have purchased the Vehicle if she had known that the Vehicle would be operated in violation of emission standards.
31. The value of the Vehicle has been greatly reduced as a result of the actions of VAG and VGOA.

## COUNT ONE

### VERMONT CONSUMER FRAUD ACT
### VOLKSWAGEN GROUP OF AMERICA, INC.

32. Plaintiff repeats the allegation in all preceding paragraphs.

33. The Vermont Consumer Fraud Act provides that a consumer who contracts for goods in reliance on fraudulent representations or unfair trade practices and sustains damages or injury may sue and recover from the seller or other violator equitable relief or damages or the consideration paid, plus attorneys' fees, and exemplary damages not exceeding three times the consideration paid.

34. The inclusion of the Defeat Device was an unfair trade practice in violation of the Vermont Consumer Fraud Act.

35. The misrepresentation of fuel economy and mileage estimates was a fraudulent representation and an unfair trade practice in violation of the Vermont Consumer Fraud Act.

36. Defendant VGOA actively participated as a seller or other violator in the above referenced violations of the Vermont Consume Fraud Act.

37. The above referenced violations of the Vermont Consumer Fraud Act resulted in damage and injury to Plaintiff.

38. As a result of VGOA's violation of the Vermont Consumer Fraud Act, Plaintiff seeks appropriate remedies from VGOA as provided in the act, including but not limited to her attorneys' fees, specifically rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other appropriate remedies as permitted under the Vermont Consumer Fraud Act in the event rescission is not available.

## COUNT TWO

### VERMONT CONSUMER FRAUD ACT
### VOLKSWAGEN AKTIENGESELLSHAFT

39. Plaintiff repeats the allegation in all preceding paragraphs.

40. The Vermont Consumer Fraud Act provides that a consumer who contracts for goods in reliance on fraudulent representations or unfair trade practices and sustains damages or injury may sue and recover from the seller or other violator equitable relief or damages or the consideration paid, plus attorneys' fees, and exemplary damages not exceeding three times the consideration paid.

41. The inclusion of the Defeat Device was an unfair trade practice in violation of the Vermont Consumer Fraud Act.

42. The misrepresentation of fuel economy and mileage estimates was a fraudulent representation and an unfair trade practice in violation of the Vermont Consumer Fraud Act.

43. Defendant VAG designed and installed the "defeat device," knowing that it would result in a misrepresentation to consumers about both mileage and emissions.

44. Defendant VAG actively participated as a seller or other violator in the above referenced violations of the Vermont Consume Fraud Act.

45. The above referenced violations of the Vermont Consumer Fraud Act resulted in damage and injury to Plaintiff.

46. As a result of VAG's violation of the Vermont Consumer Fraud Act, Plaintiff seeks appropriate remedies from VGOA as provided in the act, including but not limited to her attorneys' fees, specifically rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other

appropriate remedies as permitted under the Vermont Consumer Fraud Act in the event rescission is not available.

## COUNT THREE

## FRAUD

47. Plaintiff repeats the allegation in all preceding paragraphs.

48. VAG and VGOA intentionally misrepresented the fuel efficiency and emission information about the Vehicle and the 2015 Passat.

49. It was reasonable for Ms. Waxman to rely on the fuel efficiency and emission information advertised by VAG and VGOA for the Vehicle and considered that information as correct.

50. Ms. Waxman would not have purchased the Vehicle if she had known that the fuel efficiency as advertised by VAG and VGOA was incorrect.

51. Ms. Waxman would not have purchased the Vehicle if she had known that the emission information advertised by VAG and VGOA was incorrect.

52. By incorrectly advertising the fuel efficiency and emission information of the Vehicle VAG and VGOA defrauded Ms. Waxman.

53. As a result of these actions by VAG and VGOA, the plaintiff has suffered damages for which VAG and VGOA are liable.

54. Plaintiff seeks appropriate remedies from VGOA and VAG, including but not limited to her attorneys' fees, specifically requesting rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other appropriate remedies as permitted in the event rescission is not available.

## COUNT FOUR

### BREACH OF WARRANTY

55. Plaintiff repeats the allegation in all preceding paragraphs.

56. The fuel efficiency and emission information advertised for the Vehicle constituted warranties to all consumers, including Ms. Waxman.

57. VAG and VGOA breached those warranties for the Vehicle.

58. As a result of these actions by VAG and VGOA, the plaintiff has suffered damages for which VAG and VGOA are liable.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendants as set forth above.

Plaintiff requests a jury trial.

Dated at Brattleboro, Vermont, this 3rd day of February, 2016.

REBECCA WAXMAN,

By her attorneys,

David N. Dunn
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Ave
Brattleboro, VT  05301
(802) 257-7244 ext. 112
(802) 257-7256 (fax)
ddunn@pdsclaw.com

STATE OF VERMONT

| | | |
|---|---|---|
| SUPERIOR COURT | | CIVIL DIVISION |
| WINDHAM UNIT | | DOCKET NO. |

REBECCA WAXMAN )
)
    Plaintiff )
)
v. )
)
VOLKSWAGEN GROUP OF AMERICA, INC. )
and )
VOLKSWAGEN AKTIENGESELLSHAFT )
)
    Defendants )

## SUMMONS

THIS SUMMONS IS DIRECTED TO: **Volkswagen Group of America, Inc.**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.
2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the Plaintiff a written response called an Answer within 20 days of the date on which you receive this Summons. You must send a copy of your Answer to the Plaintiff/Plaintiff's Attorney located at: David N. Dunn, Esq., Phillips, Dunn, Shriver & Carroll, P.C., 147 Western Avenue, Brattleboro, VT 05301.
You must also give or mail your Answer to the Court located at: Anne Damone, Clerk, Vermont Superior Court – Windham Unit, P.O. Box 207, Newfane, VT 05345.
3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.
4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 20 days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.
5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring

them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.

7. **NOTICE OF APPEARANCE FORM.** THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE. If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with this court.

Dated 2/3/2016

David N. Dunn, Esq.
ddunn@pdsclaw.com
Plaintiff's Attorney

STATE OF VERMONT

**SUPERIOR COURT**
Windham   Unit

_____Civil_____DIVISION
Docket No.: _____

| Plaintiff(s) | VS. | Defendant(s) |
|---|---|---|
| Rebecca Waxman | | Volkswagen Group of America, Inc. |

### NOTICE OF APPEARANCE
### For Self-Represented Litigant

I am the:   ☐ Plaintiff   ☐ Defendant   in this case.

I will represent myself and, in addition to filing the required answer, I hereby enter my appearance with the court. If I decide to be represented by an attorney in the future, either my attorney or I will notify the court of the change.

In representing myself, I understand that I MUST:

1. Notify the court in writing of any changes in my address, phone number, or email address.
2. Give or send copies of any papers I file with the court to every other party in this case. If another party has an attorney, I will give or send copies to that party's attorney.
3. File a certificate of service with the court swearing that I have sent the papers I am filing to all parties. I understand that I can find that form on the Vermont Judiciary website or at the court house.

**All court papers may be mailed to me by first class mail at the address listed below.**

| My Street Address | My Mailing Address (if different) |
|---|---|
| *Name* | *Name* |
| *Address* | *Address* |
| *Town/City*   *State*   *Zip* | *Town/City*   *State*   *Zip* |
| *Phone Number (day)* | *Phone Number (day)* |
| *Email Address* | *Email Address* |

*Dated*     *Signature*

_____     _____
                             *Printed Name*

                             _____